**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAIDA CHIPEGO,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLERGAN, INC., *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-16010 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court are Defendants Allergan, Inc. and Allergan USA, Inc.'s (collectively "Allergan") Motion for Leave to File an Amended Notice of Removal (ECF No. 11), and Plaintiff Naida Chipego's, individually and on behalf of all others similarly situated, ("Plaintiffs") Motion to Remand (ECF No. 6). Allergan opposed Plaintiffs' motion to remand (ECF No. 9), and Plaintiffs filed a reply (ECF No. 12).[1] Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Allergan's Motion for Leave to File an Amended Notice of Removal is **GRANTED**, and Plaintiffs' Motion to Remand is **DENIED**.

---

[1] Plaintiffs did not file a separate opposition to Allergan's Motion for Leave to File an Amended Notice of Removal. Rather, Plaintiffs request the Court accepts their previously-filed remand motion as an opposition to Allergan's motion for leave. (ECF No. 12 at 3 n.2.)

I.   **BACKGROUND**[2]

Plaintiff Naida Chipego and class members are patients who had Allergan's BIOCELL textured breast implants and tissue expanders (collectively, "the BIOCELL implants") surgically implanted. (Compl. (ECF No. 10-2) ¶¶ 29; 207.) Many of the Plaintiffs are breast cancer survivors or women having undergone prophylactic mastectomies, who were implanted with the BIOCELL implants in reconstructive surgery. (*Id*. ¶ 10.) Plaintiffs allege the BIOCELL implants cause Breast-Implant Associated Anaplastic Large Cell Lymphoma ("BIA-ALCL"), a cancer of the immune system that develops in the area around an implant, often between the implant and the surrounding scar tissue. (*Id*. ¶ 1.)

BIA-ALCL frequently presents as a late-onset seroma in the breast, which is an accumulation of fluid between the capsule and the implant, resulting in swelling of the breast. (*Id*. ¶ 76.) Left untreated, BIA-ALCL can spread through the body and be fatal. (*Id*.) Symptoms of BIA-ALCL can arise even after the implant is removed. (*Id*. ¶ 77.) Diagnostic procedures for detecting BIA-ALCL include computed tomography scans, magnetic resonance imaging, and fluid sampling. (*Id*. ¶ 78.) BIA-ALCL is treated with surgery to remove the implant and the surrounding

---

[2] The factual and procedural backgrounds of this matter are well known to the parties and were previously recounted by the Court in a related Multidistrict Litigation matter and associated Class Action previously filed with this Court. *In re Allergan Biocell Textured Breast Implant Products Liability Litigation*, Civ. A. No. 19-02921, 2021 U.S. Dist. LEXIS 52380 (D.N.J. Mar. 19, 2021). Therefore, the Court includes only the facts and procedural background relevant to the instant motions. Further, for the purposes of this motion, the Court accepts the factual allegations in the Complaint as true. *See Morton v. Biomet, Inc.*, Civ. A. No. 18-14506, 2019 U.S. Dist. LEXIS 71861, at *4 (D.N.J. Apr. 9, 2019) ("The allegations of a complaint are assumed true for purposes of a motion to remand."); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded . . ., the district court must assume as true all factual allegations of the complaint.") However, for "disputes over factual matters related to jurisdiction," the preponderance of the evidence standard is appropriate. *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007).

capsule and tissue, and may require other treatments such as reconstructive surgery, chemotherapy, and radiation. (*Id*.)

This case involves dozens of recalled models of the BIOCELL implants. (*Id*. ¶ 2.) For over twenty years, Allergan and its predecessor companies marketed and sold the BIOCELL implants. (*Id.* ¶¶ 32–35.) As early as 1997, some women were reported to have developed BIA-ALCL after receiving the BIOCELL implants. (*Id*. ¶ 79.) Over the course of the next two decades, the number of reported cases of BIA-ALCL associated with the BIOCELL implants continued to mount. (*Id*. ¶¶ 79–83, 92–93.) Through this period, Allergan allegedly concealed the risks of BIA-ALCL by failing to appropriately submit adverse event reports to the Food and Drug Administration ("FDA") or otherwise disclose to the public complete and accurate safety information regarding the BIOCELL implants. (*Id*. ¶¶ 147–158.)

On July 24, 2019, the FDA issued a Class I Recall notice of the BIOCELL implants. (*Id*. ¶ 2.) The FDA stated "the risk of BIA-ALCL with Allergan BIOCELL textured implants is approximately six times the risk of BIA-ALCL with textured implants from other manufacturers." (*Id*. ¶ 4.) The FDA further stated the continued distribution of the BIOCELL implants "would likely cause serious, adverse health consequences and potentially death from BIA-ALCL." (*Id*.)

Allergan recalled the BIOCELL implants after the FDA found the products posed a heightened risk of BIA-ALCL. (*Id*. ¶¶ 2–5.) According to the FDA, 246,381 BIOCELL implants have been recalled in the United States. (*Id*. ¶ 210.) Plaintiffs claim Allergan does not intend to provide medical monitoring for class members to mitigate the increased risk of developing BIA-ALCL caused by the recalled BIOCELL implants. (*Id.* ¶ 6.) Plaintiffs also claim Allergan will not pay for the cost of explant surgery to remove the implants. (*Id*. ¶ 8.)

On July 23, 2021, Plaintiffs filed a putative class action lawsuit against Allergan in the Superior Court of New Jersey. (ECF No. 1 ¶ 1.) Pursuant to New Jersey Court Rule 4:32, Plaintiffs define the class as follows:

> All New Jersey citizens who, for personal use, implanted FDA-recalled Allergan Natrelle Saline-Filled Textured Breast Implants, FDA-recalled Allergan Natrelle Silicone-Filled Textured Breast Implants; FDA-recalled Allergan Natrelle 410 Highly Cohesive Anatomically Shaped Silicone- Filled Textured Breast Implants; FDA-recalled Allergan Natrelle 133 Plus Tissue Expanders; FDA recalled Allergan Natrelle 133 Tissue Expanders with Suture Tabs; and/or McGhan BioDIMENSIONAL Silicone-Filled BIOCELL Textured Breast Implants, Style 153, who were New Jersey citizens at the time of implant, had their implant surgery in New Jersey, and who have not been diagnosed with breast implant associated anaplastic large cell lymphoma.

(ECF No. 10-2 ¶ 207.) Plaintiffs assert their alleged injuries will require specialized testing and medical monitoring to reduce the risk of long-term disease and loss. (*Id.* ¶ 25.) Therefore, Plaintiffs are seeking "an injunction creating a Court-supervised, [Allergan]-funded medical monitoring program which will facilitate the diagnoses of Plaintiff[s] for BIA-ALCL." (*Id.* ¶ 26.) Additionally, Plaintiffs request Allergan establish a medical monitoring program, including:

> (a) establishing a fund, in an amount to be determined, to pay for the medical monitoring of everyone who received Recalled Breast Implants for the purpose of diagnosis, as frequently and appropriately as necessary; and (b) notifying all medical monitoring class members in writing that they may require frequent medical monitoring for the purpose of diagnosis.

(*Id.* ¶ 27.) The Complaint asserts the following causes of action: failure to warn (Count 1); manufacturing defect (Count 2); design defect (Count 3); violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1*, et seq.*, (pled as a second Count 3); breach of express warranty (Count 5); and unjust enrichment (Count 6). (*Id.* ¶¶ 217–296.)

On August 25, 2021, Allergan filed a notice of removal. (ECF No. 1.) The notice of removal stated Allergan, Inc. is a citizen of Delaware and Illinois (*id.* ¶ 6) but was silent as to Allergan, Inc.'s citizenship at the time the Complaint was filed. On September 24, 2021, Plaintiffs filed a motion to remand. (ECF No. 6.) On October 18, 2021, Allergan filed its opposition to Plaintiffs' motion to remand. (ECF No. 9.) Concurrently, Allergan filed a motion for leave to file an amended notice of removal. (ECF No. 10.) The amended notice of removal clarified Allergan, Inc.'s principal place of business was California at the time the Complaint was filed. (ECF No. 10-2 at 6 of 99, ¶ 7.) On November 8, 2021, Plaintiffs filed a reply in further support of the motion to remand. (ECF No. 12.)

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove any civil action over which a federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal . . . depends on whether the case originally could have been filed in federal court."); *Penn v. Wal-Mart Stores*, 116 F. Supp. 2d 557, 561 (D.N.J. 2000). Original jurisdiction exists where a plaintiff's well-pleaded complaint presents a federal question under 28 U.S.C. § 1331 or there is diversity of citizenship under 28 U.S.C. § 1332. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction, in turn, exists where "the matter in controversy [for each plaintiff] exceeds the sum or value of $75,000" and all plaintiffs are "citizens of different States" than all defendants, i.e., there is complete diversity. 28 U.S.C. § 1332(a); *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 181–82 (3d Cir. 2008).

As a result of these requirements, however, "many" early class actions could not be litigated in federal courts, "even if those actions implicated matters of national importance affecting millions of parties from many different states." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). In 2005, Congress enacted the Class Action Fairness Act ("CAFA"), authorizing "[f]ederal court consideration of interstate cases of national importance" under a less stringent jurisdictional threshold than § 1332(a). *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *see also Farina v. Nokia Inc.*, 625 F.3d 97, 110 (3d Cir. 2010). CAFA vests original jurisdiction in federal district courts to hear class action lawsuits where the following requirements are met: (1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims, *see* 28 U.S.C. §§ 1332(d)(2)-(6); (2) the citizenship of at least one class member differs from that of any defendant, i.e., there is minimal diversity, *see* 28 U.S.C. § 1332(d)(2)(A); and (3) the class consists of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

Because CAFA strongly favors jurisdiction, *see Anthony v. Small Tube Manufacturing Corp.*, 535 F. Supp. 2d 506, 512 (E.D. Pa. 2007) (citing *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)), "no antiremoval presumption attends [CAFA] cases." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *cf. Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (explaining that, in non-CAFA cases, courts must strictly construe the removal provisions and resolve all doubts in favor of remand); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same). Instead, CAFA "should be read broadly, with a strong preference that interstate class actions [] be heard in a federal court if properly removed by any defendant." *Dart*, 574 U.S. at 89 (quoting S. REP. NO. 109-14, at 43 (2005)).

Still, even in CAFA cases, the defendant, having removed the matter, bears the burden of establishing diversity. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2003) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy requirement is satisfied."); *Ellis v. Bradbeck*, Civ. A. No. 06-0750, 2006 U.S. Dist. LEXIS 88626, *3 (D.N.J. Dec.4, 2006) ("[T]he party asserting jurisdiction bears the heavy burden of showing that the case is properly before the federal court.").

### III.   DECISION

Before addressing Plaintiffs' motion to remand, the Court must first determine whether to accept Allergan's amended notice of removal.

#### A.   Motion for Leave to File an Amended Notice of Removal

In seeking leave to amend the notice of removal, Allergan asserts the original notice of removal stated Allergan, Inc. is a citizen of Delaware and Illinois at the time of removal but silent as to Allergan, Inc.'s citizenship at the time the Complaint was filed. (ECF No. 11 at 2.) In its amended notice of removal, Allergan attempts to clarify Allergan, Inc. was a citizen of Delaware and California at the time the Complaint was filed. (*Id.*)

The procedure for removal is set forth in 28 U.S.C. § 1446. A defendant wishing to remove files a notice of removal "containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). "A party may freely amend the notice of removal within the thirty-day period provided by § 1446(b) to remove an action." *Pickett v. Marriott Int'l, Inc.*, Civ. A. No. 13-6556, 2014 U.S. Dist. LEXIS 74790, at *5 (D.N.J. Mar. 24, 2014) (citing *USX Corp. v. Adriatic Ins. Co.*,

7

345 F.3d 190, 205 n.13 (3d Cir. 2003)). However, after the 30-day period expires, amendment to the notice of removal "will be permitted only to the extent that it clarifies or corrects an allegation already contained in the original notice" but not to add a new basis for removal jurisdiction. *Id*. at *9 (citing *USX Corp.*, 345 F.3d at 205 n.12 (citing 28 U.S.C. § 1653)); *see Fenza's Auto, Inc. v. Montagnaro's, Inc.*, Civ. A. No. 10-3336, 2011 U.S. Dist. LEXIS 29696, at *31 (D.N.J. Mar. 21, 2011) ("[A]mendments to remedy a 'substantive defect in the [removal] petition,' i.e., to add a new basis for federal jurisdiction, are not permitted.") (alterations in original) (quoting *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000)); *see also ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'") (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)).

Here, Allergan removed this case on the basis of diversity under CAFA. The original notice of removal stated Allergan, Inc. and Allergan USA, Inc. both had their principal places of business in Illinois at the time of removal but was silent as to the entities' principal places of business at the time the Complaint was filed. (ECF No. 1 ¶ 6; ECF No. 11 at 2–3.) On October 18, 2021, Allergan amended its notice of removal and provided a declaration from an Allergan corporate representative who is "familiar with the operations, corporate structure and business contacts of Allergan, Inc. and Allergan USA, Inc. throughout the states in which they operate." (Weith Decl. (ECF No. 9-5) ¶ 1.) The corporate representative clarified Allergan, Inc.'s principal place of business was California at the time the Complaint was filed.[3] Allergan is not seeking to add a new basis for removal, but rather to clarify a jurisdictional fact for its original basis of removal. *See*

---

[3] Allergan, Inc. moved its principal place of business to Illinois on August 1, 2021. (ECF No. 9-5 ¶ 5.) At the time the Complaint was filed on July 23, 2021, Allergan, Inc.'s principal place of business was California. (*Id*. ¶ 4.)

*Dando v. Bimbo Food Bakeries Distrib., LLC*, Civ. A. No. 14-2956, 2014 U.S. Dist. LEXIS 170570, at *5–6 (D.N.J. Dec. 9, 2014) ("The removing party may amend its notice of removal . . . in order to clarify the basis for jurisdiction."); *Cnty. of Morris v. State Nat'l Ins.*, Civ. A. No. 10-6616, 2011 U.S. Dist. LEXIS 54720, at *2–3 (D.N.J. May 16, 2011) ("[A]mendments to cure jurisdictional allegations are freely granted."). Because an amendment to the notice of removal "will be permitted only to the extent that it clarifies or corrects an allegation already contained in the original notice," the Court will accept Allergan's amended notice of removal. *Pickett*, 2014 U.S. Dist. LEXIS 74790, at *9 (citing *USX Corp.*, 345 F.3d at 205 n.12 (citing 28 U.S.C. § 1653)). Accordingly, Allergan's motion for leave to file an amended notice of removal is **GRANTED**.

  **B.**  **Motion for Remand**

  Plaintiffs move to remand the putative class action, contesting removal jurisdiction on the following basis: (1) Allergan has not satisfied the minimal diversity requirements under CAFA; and (2) the home state exception to CAFA applies and favors remand. (ECF No. 6-1.) The Court addresses each in turn.

    **1.**  **Minimal Diversity under CAFA**

  Plaintiffs argue removal is improper because Allergan has not established the minimal diversity requirement under CAFA. (ECF No. 6-1 at 5.) Specifically, Plaintiffs assert Allergan has not satisfied its burden to establish Allergan is not a citizen of New Jersey. (*Id.* at 9.) Alternatively, Plaintiffs argue Allergan should be judicially estopped from claiming it is not a citizen of New Jersey. (*Id.* at 9–11.) Allergan asserts Plaintiffs' motion to remand is moot because the amended notice of removal clarifies Allergan's original basis for removal. (ECF No. 9 at 5–6.) Specifically, Allergan argues the amended notice of removal stating Allergan, Inc.'s principal place of business was California at the time the Complaint was filed satisfies the minimal diversity requirements

under CAFA. (*Id.* at 7–8.) Allergan also contends Plaintiffs' judicial estoppel request is meritless because estopping Allergan from supplementing its removal is at odds with the law and the facts. (*Id.* at 10.)

"CAFA confers on district courts 'original jurisdiction of any civil action' in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members ('numerosity requirement')." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Standard Fire Ins.*, 568 U.S. at 592). "With respect to the second requirement, known as the 'minimal diversity' requirement, CAFA provides that [minimal] diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting 28 U.S.C. § 1332(d)(2)(A)). "To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal." *Castro v. Linden Bulk Transp. LLC*, Civ. A. No. 19-20442, 2020 U.S. Dist. LEXIS 90113, at *6 (D.N.J. Apr. 20, 2020) (citing *Coba v. Ford Motor Co.*, 932 F.3d 114, 119 (3d Cir. 2019); *Judon*, 773 F.3d at 500; *Frederico*, 507 F.3d at 196); *Dougherty v. Drew Univ.*, Civ. A. No. 21-249, 2021 U.S. Dist. LEXIS 73138, at *28 (D.N.J. Apr. 14, 2021) ("Generally, courts assess CAFA jurisdiction based on the pleadings at the time of removal.").

"Although removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, . . . the presumption against removal does not apply to class actions invoking jurisdiction under CAFA." *Castro*, 2020 U.S. Dist. LEXIS 90113, at *6. Accordingly, the removing party bears the initial burden of establishing federal subject matter jurisdiction under

10

CAFA. *Id*. However, once jurisdiction has been established, "the burden shifts to the party seeking remand to show that an exception requiring remand applies." *Id*. (citing *Kaufman*, 561 F.3d at 153)); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) ("[W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception."). "If there is no jurisdictional basis under CAFA, the case must be remanded to state court." *Canseven v. Just Pups, LLC*, Civ. A. No. 15-5633, 2015 U.S. Dist. LEXIS 123223, at *2 (D.N.J. Sept. 16, 2015).

Here, Plaintiffs contest only whether Allergan satisfied CAFA's minimal diversity requirement. All Plaintiffs in the putative class are citizens of New Jersey. (ECF No. 10-2 ¶ 207.) Allergan, Inc. is a citizen of Delaware and Illinois at the time of removal and a citizen of Delaware and California at the time the Complaint was filed. (ECF No. 1 ¶ 6; ECF No. 10-2 at 6 of 99.) Because CAFA's diversity requirements are met when one defendant is a citizen of a different state from one class plaintiff, Allergan established that the Court has subject matter jurisdiction over the putative class action. *See Roche v. Aetna Health Inc.*, Civ. A. No. 13-3933, 2014 U.S. Dist. LEXIS 43239, at *8–9 (D.N.J. Mar. 31, 2014) ("[U]nder CAFA's minimal diversity requirements, at least one class member must be a citizen of a different state than at least one defendant."). To the extent Plaintiffs contend Allergan's post-filing change in citizenship should not be considered (ECF No. 6-1 at 7–8), Plaintiffs are drawing a distinction without a difference. The parties were minimally diverse at the time the Complaint was filed and at removal. Allergan, Inc. changed its citizenship from California to Illinois in the intervening period. Contrary to Plaintiffs' assertions, this is not a case where Allergan unilaterally acted to create diversity that did not exist at the time the Complaint was filed. *See Fry Metals v. Cheng,* Civ. A. No. 94-5206, 1995 U.S. Dist. LEXIS 4010, at *6 (D.N.J. Mar. 28, 1995) (finding "the unilateral act of the

11

defendant cannot create diversity of citizenship that did not exist at the time the complaint was filed").

Moreover, to the extent Plaintiffs argue Allergan should be judicially estopped from asserting Allergan, Inc. is not a citizen of New Jersey (ECF No. 6-1 at 9), Plaintiffs fail to raise a credible basis for their request.[4] Allergan, Inc. was a citizen of Illinois at the time of removal and a citizen of California at the time the Complaint was filed. (ECF No. 1 ¶ 6; ECF No. 10-2 at 6 of 99.) Allergan produced a corporate representative to attest to the truth and accuracy of the information. (ECF No. 9-5.) Plaintiffs fail to explain why the Court should reject those representations and declare New Jersey as Allergan, Inc.'s principal place of business. *See North v. Portfolio Recovery Assocs., LLC*, Civ. A. No. 19-17972, 2020 U.S. Dist. LEXIS 81228, at *7

---

[4] Plaintiffs appear to rely on two prior federal pleadings from 2018 involving Allergan—one from the Western District of Washington claiming Allergan, Inc.'s principal place of business is not in Washington and another from the Central District of California claiming Allergan USA, Inc. and Allergan, Inc. are citizens of New Jersey. (ECF No. 6-1 at 4.) However, as the Third Circuit explained, prior pleadings have no evidentiary value for the purpose of assessing the location of a corporation's principal place of business where "[t]he representations made in these pleadings run contrary to the empirical facts with which the jurisdictional inquiry is concerned." *Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 293 (3d Cir. 1998). Therefore, the 2018 pleadings involving Allergan "have no intrinsic capacity either to establish or disestablish jurisdiction[.]" *Id.*; *see also Deluca v. Allstate N.J. Ins. Co.*, Civ. A. No. 11-4129, 2011 U.S. Dist. LEXIS 95256, at *9 n.1 (D.N.J. Aug. 24, 2011) (holding "other pleadings by [defendant] identified by Plaintiff will have no bearing on the Court's decision in this case"); *R.R. Constr. Co. of S. Jersey, Inc. v. A.P. Constr., Inc.,* Civ. No. 10-6190, 2011 U.S. Dist. LEXIS 79471, at *10 (D.N.J. July 21, 2011) (holing "the previous pleadings referred to by Plaintiff . . . have no bearing upon the record or this Court's determination of Defendant's principal place of business in this proceeding."). Further, to the extent Plaintiffs aver Allergan's assertion to the JPML that "[t]he District of New Jersey is where Allergan is located" is a misrepresentation (ECF No. 6-1 at 10), the Court can square Plaintiffs' misapprehension. One of the two defendants, Allergan USA, Inc., is located in and a citizen of New Jersey. (ECF No. 9-5 ¶¶ 7–8.) Without more, the Court is not convinced Allergan is hiding the true whereabouts of its principal place of business. Accordingly, Plaintiffs fail to demonstrate that judicial estoppel is warranted. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 324 (3d Cir. 2003) ("Judicial estoppel is only appropriate when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court." (internal citations and quotations omitted)).

(D.N.J. May 6, 2020) (finding "diversity of the parties is evidenced in [the defendant's] Notice of Removal" "[b]ecause jurisdictional disputes over factual matters involve only a preponderance-of-the-evidence standard" (citing *Frederico*, 507 F.3d at 194)). Accordingly, because the parties are minimally diverse, CAFA's subject matter jurisdictional requirements are satisfied.

### 2.    Home State Controversy Exception Under CAFA

Plaintiffs contend the matter should be remanded under the home state exception of CAFA even if Allergan, Inc. maintains its principal place of business outside of New Jersey. (ECF No. 6-1 at 11.) Specifically, Plaintiffs assert Allergan USA, Inc. is the primary defendant and because Allergan USA, Inc. maintains its principal place of business in New Jersey, the home state exception to CAFA applies. (*Id.* at 12.) Allergan asserts the home state exception to CAFA does not apply when at least one primary defendant is not a citizen of the state where the action was originally filed. (ECF No. 9 at 15, 17–18.) Specifically, Allergan argues because Allergan, Inc. is a primary defendant but not a citizen of New Jersey, the home state exception to CAFA does not apply. (*Id.* at 18.)

"Under [the home state exception], the district court must decline to exercise jurisdiction where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Gallagher*, 169 F. Supp. 3d at 602 (quoting 28 U.S.C. § 1332(d)(2)(4)(B)). For the home state exception to apply, the party asserting the exception must:

> (1) establish that the citizenship of the members of two-thirds or more of the putative class is the state in which the action was originally filed; (2) establish the citizenship of the defendants; (3) identify the primary defendants; and (4) demonstrate that two-thirds or more of the members of the putative class are citizens of the same state as the primary defendants.

*Vodenichar v. Halcón Energy Props.*, 733 F.3d 497, 503–04 (3d Cir. 2013) (citing *Anthony*, 535 F. Supp. 2d at 514–15). "The party seeking to invoke an exception bears the burden of proving by a preponderance of the evidence that the exception applies." *Id.* at 503; *Dicuio v. Brother Int'l Corp.*, Civ. A. No. 11-1447, 2011 U.S. Dist. LEXIS 131553, at *4 (D.N.J. Nov. 15, 2011) ("Importantly, the party seeking to remand the suit back to state court bears the burden of meeting the home state exception requirements.") (collecting cases).

Notwithstanding, "[t]he home state exception only applies if all of the primary defendants are citizens of the state in which the action was filed[.]" *Livi v. Hyatt Hotels Corp.*, Civ. A. No. 15-5371, 2017 U.S. Dist. LEXIS 183053, at *12 (E.D. Pa. Nov. 6, 2017) (citing *Vodenichar*, 733 F.3d at 506). In other words, "a determination that a non-local defendant is a primary defendant renders the home state exception inapplicable." *Id.* (citing *Vodenichar*, 733 F.3d at 506); *Kaufman*, 561 F.3d at 149 ("[T]he 'home-state' exception[] may apply when the primary defendants and at least two-thirds of the members of the putative classes are local."). The Third Circuit provided guidance for ascertaining "primary defendants" under CAFA, explaining:

> courts tasked with determining whether a defendant is a "primary defendant" under CAFA should assume liability will be found and determine whether the defendant is the "real target" of the plaintiffs' accusations. In doing so, they should also determine if the plaintiffs seek to hold the defendant responsible for its own actions, as opposed to seeking to have it pay for the actions of others. Also, courts should ask whether, given the claims asserted against the defendant, it has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to other defendants if found liable.

*Vodenichar*, 733 F.3d at 505-06; *Banks v. E.I. du Pont de Nemours & Co.*, Civ. A. No. 19-1672, 2021 U.S. Dist. LEXIS 230739, at *12–13 (D. Del. Dec. 2, 2021).

Here, the home state exception does not apply because Allergan, Inc. is a primary defendant. The Complaint levels claims against both defendant entities, alleging "Allergan, Inc;

14

[sic] and Allergan USA, Inc. acted in all aspects as the agent and alter ego of each other and carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each entity are legally attributable to the other entities." (ECF No. 10-2 ¶ 35.) The Complaint also ascribes the announcement to recall the BIOCELL implants to Allergan, Inc. (*Id.* ¶ 30.) The Complaint further identifies Allergan, Inc. as the party assuming liability for manufacturing the BIOCELL implants, stating "Allergan, Inc. acquired [the predecessor companies] as well as the BIOCELL trademark. In doing so, it assumed the liability for the past and present manufacturing of breast implant products." (*Id.* ¶ 34.) If the allegations in the Complaint are proven, Allergan, Inc. and Allergan USA, Inc. would be directly liable to the proposed class. The allegations appear to apportion liability equally between Allergan, Inc. and Allergan USA, Inc, and Plaintiffs seek the same relief—a medical monitoring program—from both defendant entities. *See Vodenichar*, 733 F.3d at 506 (determining the defendant was a primary defendant where "Plaintiffs allege that each defendant is directly liable, appear to apportion liability equally among the defendants, and seek similar relief from all defendants"). Because Allergan, Inc. is a primary defendant but not a citizen New Jersey, the home state exception is inapplicable. *See Mejias v. Goya Foods, Inc.*, Civ. A. No. 20-12365, 2021 U.S. Dist. LEXIS 163598, at *20 (D.N.J. Aug. 30, 2021) (holding remand is unwarranted because Plaintiffs maintain the burden of demonstrating a CAFA exception and failed to demonstrate the exception applies).

      To the extent Plaintiffs argue only Allergan USA, Inc. can be considered a primary defendant because Allergan, Inc. is merely a holding company with no employees (ECF No. 6-1 at 13; ECF No. 12 at 9), Plaintiffs' contentions are misplaced. "[C]ourts tasked with determining whether a defendant is a 'primary defendant' under CAFA should assume liability will be found and determine whether the defendant is the 'real target' of the plaintiffs' accusations." *See*

*Vodenichar*, 733 F.3d at 504. The allegations directed at Allergan, Inc. in the Complaint undermine the assertion that Allergan, Inc. is not the "real target" of Plaintiffs' claims. The Complaint levels allegations against both defendant entities, asserting Allergan, Inc. and Allergan USA, Inc. are directly liable to the proposed class. (*See generally,* ECF No. 10-2); *see also Vodenichar*, 733 F.3d at 504 (finding courts have construed primary defendants to mean "those defendants who are directly liable to the proposed class, as opposed to being vicariously or secondarily liable based upon theories of contribution or indemnification"). Moreover, if found liable and ordered to establish a medical monitoring program, both defendant entities face potential exposure to a significant portion of the class and would sustain a substantial loss. *Id.* ("[C]ourts should ask whether, given the claims asserted against the defendant, it has potential exposure to a significant portion of the class and would sustain a substantial loss . . . ."). Because one primary defendant is not a "citizen[] of the State in which the action was originally filed," 28 U.S.C. § 1332(d)(4)(B), the home state exception does not apply.[5] Accordingly, Plaintiffs' motion to remand is **DENIED**.

---

[5] To the extent Plaintiffs contend Allergan should be judicially estopped from asserting Allergan, Inc. is a primary defendant because Allergan represented to the JPML that Allergan USA, Inc. is a primary defendant (ECF No. 6-1 at 14; ECF No. 12 at 9), Plaintiffs' argument is unpersuasive. Both Allergan, Inc. and Allergan USA, Inc. are primary defendants. *See Anthony*, 535 F. Supp. 2d at 515 ("[T]he plain language of the statute requires remand only when all of the primary defendants are residents of the same state in which the action was originally filed." (citation and quotation marks omitted)).

### IV. CONCLUSION

For the reasons set forth above, Allergan's Motion for Leave to File an Amended Notice of Removal is **GRANTED**, and Plaintiffs' Motion to Remand is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  January 14, 2022